

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2010

# Cholo Dongon v. Donna Banar

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3418

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Cholo Dongon v. Donna Banar" (2010). *2010 Decisions.* Paper 2023.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2023

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-055                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3418
_____

CHOLO DONGON,
Immigrant Green Card Holder,
Permanent Resident of Hudson County, Jersey City, N.J.,
Appellant

v.

DONNA BANAR, A Permanent Resident Of The Philippines, Never Before The N.J.
Superior Court Hudson County, Nor Ever Ever In The United States;
N.J. SUPERIOR COURT, Hudson County; MAUREEN MANTINEO, Presiding Judge;
JUDGE SEVERIANO LISBOA; NEW JERSEY ADMINISTRATIVE OFFICE OF THE
COURTS; N.J. FAMILY SUPPORT, Division Of Trenton, New Jersey;
N.J. SUPERIOR COURT, Appellate Division; JUDGE JOSEPH F. LISA, P.J.A.D.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-08-cv-05331)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 25, 2009

Before:  MCKEE, RENDELL and CHAGARES, Circuit Judges

(Opinion filed: January 25, 2010)
_____

OPINION
_____

PER CURIAM

Cholo Dongon appeals pro se from a District Court order dismissing his action. For substantially the same reasons, we will affirm.

In October 2008, Dongon filed a complaint in which he moved for damages and a protective order against various courts and judges in the state of New Jersey, who he believed had denied him due process of law and committed fraud against him. Dongon's claims stem from an underlying family matter in which the state court imposed and affirmed a child support obligation on him as a New Jersey resident. Dongon argued that the actions taken by the state courts and judges violated his constitutional rights, were without jurisdiction, and requested that the federal court intervene. He also named Donna Banar, a private citizen, in his suit.

Appellees filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and argued that Dongon's complaint revealed no allegations of fact or legal theory that would support any of the claims asserted against the defendants. The District Court agreed, finding that Dongon's claims for rulings issued by judges and courts in underlying family matters in state court were barred by absolute judicial immunity, quasi-judicial immunity, and Eleventh Amendment immunity.[1]   In addition, the District Court ruled that because one

---

[1] The District Court did not address Appellees' argument that Dongon's complaint is barred by the Rooker-Feldman doctrine and because of the domestic relations exception to federal jurisdiction.

defendant is a private citizen and not a state actor, she cannot be subject to liability under 42 U.S.C. § 1983. Dongon timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We will summarily affirm if Dongon's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review is plenary. See Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3d Cir. 2007). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Dongon's action was properly dismissed because he cannot receive the relief he requests. He cannot sustain a claim against Judges Mantineo, Lisboa, and Lisa because judges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity. Briscoe v. LaHue, 460 U.S. 325, 334 (1983) (citing Pierson v. Ray, 386 U.S. 547, 554 (1967)); Mireles v. Waco, 502 U.S. 9, 11 (1991). Dongon's allegations that these judges committed "willful fraud" are unsupported, and his disagreement with the judges' rulings do not provide a basis for relief.

Similarly, Dongon's claims against New Jersey Family Support Division; the Superior Court of New Jersey; New Jersey Administrative Office of Courts; and the Superior Court of New Jersey, Appellate Division were properly dismissed. Dongon does not allege any specific action by these entities. Even if he did, any actions taken by those

3

charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000). Alternatively, the state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered "arms" of the state. See Johnson v. State of N.J., 869 F. Supp. 289, 296-98 (D.N.J. 1994).

Moreover, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Neither the named judges nor the courts or its employees are "persons" subject to liability under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The remaining defendant, Donna Banar, is a private citizen and not a state actor, and therefore cannot be subject to liability under § 1983. We also conclude that Dongon's general allegations that his constitutional rights were violated fail to state a claim for relief. To the extent that errors of state law have occurred, even if true, these claims do not amount to a denial of due process warranting federal court intervention. See Gryger v. Burke, 334 U.S. 728, 731 (1948); Engle v. Isaac, 456 U.S. 107, 121 & n.21 (1982).

Although the District Court did not address whether Dongon's complaint can be

4

construed as a request for injunctive relief, even if it were, the <u>Younger</u> abstention doctrine applies. The Supreme Court has articulated a longstanding public policy against federal court interference with state court proceedings and instructs federal courts to refrain from taking any action in cases where the federal plaintiff has or had adequate redress in state proceedings. <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971). Because it appears that state court proceedings are pending or ongoing in Dongon's child support matter, it would be inappropriate for this Court to interfere with the state's interest in administering its own family court. See <u>Taliaferro v. Darby Twp. Zoning Bd.</u>, 458 F.3d 181, 192 (3d Cir. 2006).

Accordingly, because dismissal was proper and because the appeal presents no substantial question, we will summarily affirm the District Court judgment. Appellant's remaining motions are denied as moot.